Case 40—INDICTMENT—November 5.

## Commonwealth v. Puckett, &c.

APPEAL FROM ESTILL CIRCUIT COURT.

1. Criminal Law—Defacing Brands on Logs.—Under the Act of May 15, 1886, which declares it a felony "to cut out or deface any brand upon the timber or logs of another upon the Kentucky and Cumberland rivers and their tributaries," an indictment must state that

Commonwealth v. Puckett, &c.

the brand was recorded in the County Clerk's office of the county of the owner's residence, if he had one in this State, and also recorded in the County Clerk's office of the county in which the logs were started to market, and before they were started. But it is not necessary to allege the particular county, to the exclusion of all others, from which the defaced log was started, it being sufficient to allege that the brand was recorded in each of several counties before the log was started, and that in some one of the counties named the log was branded and started to market.

2. SAME.—Where logs are rafted it is not necessary to constitute the offense denounced by this statute that the brand should be defaced in a county where it is recorded, but under the amendment of May 14, 1890, it is necessary, where logs are "drifting" not in raft, that. the brand should be recorded in the county through which the log is. drifting when the brand is defaced in order to constitute the offense. But as the indictment in this case does not show that the log was being drifted not in raft at the time it was defaced it is no objection to the indictment that it does not allege that the brand was recorded in the county through which the log was drifting. If it appears upon the trial that the log was drifting not in raft and that the brand was not thus recorded the defendant can not be convicted of a felony.

WM. J. HENDRICK, ATTORNEY GENERAL, AND GRANT E. LILLY FOR APPELLANT.

1. The third section of the statute is independent of the first two sections. To constitute the offense created by that section it is not necessary that the brand defaced should be registered. Nor does the law contemplate proof of ownership independent of the brand. The brand is *prima facie* evidence of ownership, and the offense, is complete when the brand is cut out, off or defaced. (Gen. Stats., chap. 31 a, Amendment V.)

2. The allegation of the indictment that the logs were "cut, branded and started to market," means that they were branded *before starting to market.*

A. E. SMITH, HUGH RIDDELL FOR APPELLEE.

The indictment is not good. It does not allege that the timber was branded before it was started to market, or that the brand was recorded in the county where the timber was started or in the counties through which it must pass to reach market. This is a statutory offense and there is no felony unless the requirements of the act have been complied with by the owner of the timber. (Act of March 15, 1886, Gen. Stats., ed. 1887, p. 495; Act of May 14, 1890, Session Acts of 1889–90, pp. 137-140.)

The facts necessary to constitute the offense must be alleged with certainty, and it is not sufficient that the essential facts may be infer-

red from those which are stated. (Taylor v. Commonwealth, 1 Duv., 162; Commonwealth v. Kenner, 11 B. M., 1; Wharton's Am. Crim. Law, p. 168.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees were indicted under the Acts of the Legislature of the 15th of May, 1886, and the 14th of May, 1890, for feloniously cutting and sawing off and defacing the brand of the Asher Lumber Company, placed on their saw log, which log was on the Kentucky river.

The Act of the 15th of May, 1886, requires persons dealing in logs upon the Kentucky and Cumberland rivers, and their tributaries, to have branding irons or axes for the purpose of branding their timber; and such persons are required to brand all their timber or logs before starting the same to market. It is also made the duty of such persons to have their brands entered upon record in the County Clerk's office of the county of their residences if they have residences in this State. It is also made their duty to record their brands in the County Clerk's office in the county where they start their timber to market. Of course this requirement means that the brand must be recorded in the County Clerk's office where the timber is started to market, before it is started to market, and as it is made a felony for any person to cut off or deface timber or logs thus branded, it is clear that the Legislature intended the recording of the brands, as above indicated, should be a legal notice to all persons, and a condition precedent to the right to convict the persons defacing, etc., of a felony. This being so, it is necessary that the indictment should state that the brand was recorded in the County Clerk's office of the owner's residence, if he had one in this State; also that the brand was recorded in the

County Clerk's office of the county in which the logs were started to market and before they were started to market.

These are all the precedent conditions required by the Act of the 15th of May, 1886, to entitle the Commonwealth to convict violators of the act of a felony. And these conditions being complied with, persons defacing the timber or logs in any other county than that in which the timber or logs were started to market, violate said Act and are subject to the punishment therein denounced. Now, are the allegations of the indictment sufficient to authorize a conviction under this Act? We think they are. It is alleged that the Asher Lumber Company were engaged in the timber business on the Kentucky river and had a branding iron (describing it), and it was recorded in the County Clerk's office of the county of said company's residence; and it was also recorded in several other counties (naming them), in some one of which said log "was cut, branded and started to market." The expressions quoted clearly mean that the brand was recorded in the County Court Clerk's office in which the log was cut and started to market, before it was started to market from that county. As said, it is not necessary in order to make the offense of felony under said Act, that the brand on the log should have been defaced in the county where it was recorded; but if it was recorded in the county in which the log was started to market and before the log was started to market, and the accused feloniously defaced the brand in some other county where it was not recorded, he is liable to the punishment denounced by the statute, and in this view it is not necessary to state in the indictment the particular county, to the exclusion

of all others, in which the brand was recorded, and from which the log was started to market. But in view of the fact that where logs were obtained from several counties, it would be almost impossible to tell the county that each log was started to market from, the allegation that they were started from one of several counties and were branded and the brand recorded in each of said counties before the logs were started therefrom is sufficient. But said Act has been enlarged and changed in the following particulars by the Act of the 14th of May, 1890: By the addition of the words in the first section "or standing timber," and by changing the last sentence in the first section so as to make it the duty of such persons to brand all the standing timber that they may purchase for merchandise as soon as purchased; also to brand all logs or other timber cut and purchased for merchandise; in sections 2 and 3, insert before the word "logs" the words "standing timber," etc.; before the word "timber" where it occurs in section 3, insert the word "standing." The object in requiring these additional brandings was evidently to give legal notice of the purchase of said timber as merchandise, and as a condition precedent to the right to convict the offending party of a felony; section 5 of said Act shows this to be the meaning. Also section 9 of said Act requires persons engaged "in drifting logs not in raft" on either of said streams to have their "brands recorded in each of the counties through which said logs will pass;" and the section prescribes a penalty for their failure to do so. It was evidently the object of this section to make the recording of the brands in each county through which such logs would pass legal notice, and a condition precedent to the right to convict the person de-

facing the brands in such county of a felony; the same reason exists for this requirement and condition that exists in section 5; and the imposition of a penalty upon the owner for a failure to thus record his brand was evidently to spur him on to the performance of his duty in order that third persons might have legal notice that such timber was branded as the property of others and claimed by them, and not abandoned; whereas, if the timber was in raft such precaution would be unnecessary, as the fact of its being in raft would be sufficient notice, etc.

In the particulars mentioned the Act of the 15th of May, 1886, has been changed or enlarged by the Act of the 14th of May, 1890. But the indictment does not show that said log was being drifted not in raft at the time it was defaced, hence that question would arise on the trial of the case, not on demurrer. And if it was being drifted in the river not in raft, and the brand was not recorded in the county through which it was being drifted, and the brand was defaced in that county, the person defacing it would not be guilty of a felony.

The judgment sustaining the demurrer is reversed and the cause is remanded for further proceedings consistent with this opinion.